Brandon T. Berrett, ISB # 8995
Brooke B. Redmond, ISB # 7274
Wright Brothers Law Office, PLLC
1440 Blue Lakes Boulevard North
P.O. Box 5678
Twin Falls, Idaho 83303-5678
Phone:  (208) 733-3107
Fax:  (208) 733-1669
bredmond@wrightbrotherslaw.com

Attorneys for Plaintiff Jensen Jewelers of Idaho, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENSEN JEWELERS OF IDAHO, LLC, a Delaware limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>ZALE DELAWARE, INC., a Delaware corporation; DOES 1 – 10, inclusive,<br><br>   Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Jensen Jewelers of Idaho, LLC, a Delaware limited liability company ("Jensen Jewelers"), by and through its attorneys of record, Brandon T. Berrett and Brooke B. Redmond of the law firm Wright Brothers Law Office, PLLC, as and for a *Complaint and Demand for Jury Trial* against Zale Delaware, Inc., a Delaware corporation ("Zale Delaware") and Does 1 – 10 ("Does," and together with Zale Delaware, Zale Corp., and Signet, the "Defendants"), hereby pleads and alleges as follows:

## I.  JURISDICTION

1.  This is an action for unfair competition and false designation of origin in violation

of 15 U.S.C. §1125(a); common law trademark infringement; and common law unfair competition.

2. This court has subject-matter jurisdiction over the unfair competition and false designation of origin claims under 15 U.S.C. §1121 and 28 U.S.C. §1331.

3. This court has subject-matter jurisdiction over the state-law claims under 28 U.S.C. §1338 and 28 U.S.C. §1367.

4. On information and belief, this court has personal jurisdiction over Defendants pursuant to F.R.C.P. 4(k)(1)(A) and Idaho Code § 5-514(a) and (b), and because they have contacts with and conduct business within the state of Idaho. Zale Delaware is registered with the Idaho Secretary of State to do business in the state of Idaho and has appointed a registered agent for service of process in the State of Idaho. Defendants further operate retail stores, and otherwise offer products that directly compete with Jensen Jewelers, in the state of Idaho and have improperly utilized Jensen Jewelers' name and/or trademark in advertising directed at the state of Idaho, causing tortious injury to Jensen Jewelers in the state of Idaho.

## II.   VENUE

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391 in that either (i) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (ii) there is no district in which an action may otherwise be brought and the Defendants are subject to personal jurisdiction with regard to this action.

## III.   PARTIES

6. Jensen Jewelers is a Delaware limited liability company with its principal place of business in Twin Falls, Idaho.

7. Upon information and belief, Zale Delaware is a Delaware corporation with its

principal place of business in Akron, Ohio.

8. Upon information and belief, DOES 1 through 10, inclusive, are parents, affiliates and subsidiaries or agents through which Defendants improperly utilized Jensen Jewelers' name and/or trademark.

## IV. CLAIMS FOR RELIEF

### General Allegations

9. Jensen Jewelers operates retail jewelry stores and provides goldsmith services in locations throughout the states of Idaho, Montana, Nevada, and Wyoming.

10. Jensen Jewelers also sells jewelry through its website, jensen-jewelers.com.

11. Jensen Jewelers has continually operated under and otherwise used the name "Jensen Jewelers" since its founding in or about 1956.

12. Jensen Jewelers has devoted substantial time, effort, and resources to develop and promote its name, brand, and services throughout the states of Idaho, Montana, Nevada, and Wyoming since its founding in or about 1956.

13. Due to Jensen Jewelers' efforts, the name "Jensen Jewelers" enjoys recognition and notoriety, and has developed substantial goodwill, in states of Idaho, Montana, Nevada, and Wyoming.

14. Defendants operate retail jewelry stores and provide goldsmith services in locations throughout the United States, including in the states of Idaho, Montana, Nevada, and Wyoming, and through various websites, including without limitation zales.com.

15. Defendants have directly and deceptively misappropriated and used Jensen Jewelers' name and mark in advertising campaigns to trade off of its goodwill.

16. Upon information and belief, during the week of the "Black Friday" shopping

season in November 2016, Defendants used Google AdWords to place a sponsored search result and advertisement displaying the heading (in large, colored font) "Jensen Jewelers – Black Friday 35% Off Storewide – zales.com" with a hyperlink to Defendants' zales.com. A true and correct copy of the sponsored search result and advertisement is attached hereto as Exhibit A.

17. Upon information and belief, Defendants used Jensen Jewelers' mark in a manner prominently featuring such mark vis-à-vis other marks in the advertisement, and arranged for the advertisement to display at the top of the list of search results generated when persons searched the term "Jensen Jewelers" at Google.com.

18. Upon information and belief, Defendants' infringing sponsored search result and advertisement was displayed throughout the United States.

## COUNT ONE

### Unfair Competition and False Designation of Origin (15 U.S.C. §1125(a))

19. Jensen Jewelers hereby incorporates and re-alleges each of the prior allegations of this *Complaint and Demand for Jury Trial*, as if fully set forth herein.

20. Defendants used Jensen Jewelers' name and mark in interstate commerce to advertise, promote, market, and offer for sale the types of goods and services marketed by Jensen Jewelers without authorization from Jensen Jewelers.

21. The nature of Defendants' advertisement using Jensen Jewelers' name and mark was created and employed in a manner falsely representing goods marked by Defendants as originating from, or being sponsored by, Jensen Jewelers.

22. The nature of Defendants' advertisement using Jensen Jewelers' name and mark was created and employed in a manner falsely representing that Jensen Jewelers was affiliated, connected, or associated with Defendants.

23. Defendants' advertisement using Jensen Jewelers' name and mark was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Jensen Jewelers, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with respect to Jensen Jewelers.

24. As a direct and proximate result of Defendants' above-described actions, Jensen Jewelers has been damaged by Defendants, and Defendants have and will continue to unfairly acquire income, profits, and goodwill.  Jensen Jewelers is entitled to the amount that it was damaged by Defendants' actions, disgorgement of Defendants' profits, and costs of this action. Such amounts will be shown by the evidence at trial.

25. Defendants' unauthorized use of Jensen Jewelers' name and mark were deliberate and willful, with the intent to cause confusion, mistake, or deception.   Accordingly, this action is an exceptional case entitling Jensen Jewelers to an award of attorney fees for bringing this action pursuant to 15 U.S.C. §1117.  In the event of default, a reasonable attorney fee is $5,000.00.

## COUNT TWO

### Common Law Trademark Infringement

26. Jensen Jewelers hereby incorporates and re-alleges each of the prior allegations of this *Complaint and Demand for Jury Trial*, as if fully set forth herein.

27. Jensen Jewelers and Defendants provide similar goods and services, and are direct competitors in the jewelry marketplace.

28. Defendants used Jensen Jewelers' name and mark in commerce to advertise, promote, market, and offer for sale the types of goods and services provided by Jensen Jewelers without authorization from Jensen Jewelers.

29. Defendants' use of Jensen Jewelers' name and mark was likely to cause confusion

or deception and harm Jensen Jewelers' business and/or goodwill.

30. Defendants' unauthorized use of Jensen Jewelers' name and mark was deliberate and willful, with the intent to cause confusion, mistake, or deception.

31. As a direct and proximate result of Defendants' above-described actions, Jensen Jewelers has been damaged by Defendants, and Defendants have and will continue to unfairly acquire income, profits, and goodwill. Jensen Jewelers is entitled to the amount that it was damaged by Defendants' actions, disgorgement of Defendants' profits, and costs of this action. Such amounts will be shown by the evidence at trial.

32. Jensen Jewelers is entitled to recover reasonable costs and attorney fees for bringing this action pursuant to Idaho Law, including Idaho Code §§ 12-120 and 12-121. In the event of default, a reasonable attorney fee is $5,000.00.

## COUNT THREE

### Common Law Unfair Competition

33. Jensen Jewelers hereby incorporates and re-alleges each of the prior allegations of this *Complaint and Demand for Jury Trial*, as if fully set forth herein.

34. Defendants used Jensen Jewelers' name and mark in commerce to advertise, promote, market, and offer for sale the types of goods and services provided by Jensen Jewelers without authorization from Jensen Jewelers.

35. Defendants' use of Jensen Jewelers' name and mark was for no reason other than to trade upon the goodwill of Jensen Jewelers, and was intended and likely to cause confusion or deception and harm Jensen Jewelers' business and/or goodwill.

36. Defendants' unauthorized use of Jensen Jewelers' name and mark was done in a manner such that deception was the natural and probable result of Defendants' actions.

37. Defendants' unauthorized use of Jensen Jewelers' name and mark was deliberate and willful, with the intent to cause confusion, mistake, or deception.

38. As a direct and proximate result of Defendants' above-described actions, Defendants have and will continue to unfairly acquire income, profits, and goodwill. Jensen Jewelers is entitled to the amount that it was damaged by Defendants' actions, disgorgement of Defendants' profits, and costs of this action. Such amounts will be shown by the evidence at trial.

39. Jensen Jewelers is entitled to recover reasonable costs and attorney fees for bringing this action pursuant to Idaho Law, including Idaho Code §§ 12-120 and 12-121. In the event of default, a reasonable attorney fee is $5,000.00.

## COUNT FOUR

### Unjust Enrichment

40. Jensen Jewelers hereby incorporates and re-alleges each of the prior allegations of this *Complaint and Demand for Jury Trial*, as if fully set forth herein.

41. Defendants' use of Jensen Jewelers' name, mark, and/or goodwill to advertise, promote, market, and offer for sale jewelry provided a benefit to Defendants.

42. Defendants' accepted and benefited from the use of Jensen Jewelers' name, mark, and/or goodwill

43. Under the circumstances, including that Defendants' deliberately used Jensen Jewelers' name, mark, and/or goodwill without authorized by Jensen Jewelers, it would be unjust for Defendants to retain the benefits of such use without compensating Jensen Jewelers for the benefits Defendants' received therefrom.

44. Jensen Jewelers is entitled to the amount that Defendants' were unjustly enriched,

which amounts will be shown by the evidence at trial.

45.     Jensen Jewelers is entitled to recover reasonable costs and attorney fees for bringing this action pursuant to Idaho Law, including Idaho Code §§ 12-120 and 12-121.  In the event of default, a reasonable attorney fee is $5,000.00.

## V.     DEMAND FOR JURY TRIAL

46.     Jensen Jewelers hereby incorporates and re-alleges each of the prior allegations of this *Complaint and Demand for Jury Trial*, as if fully set forth herein.

47.     Pursuant to F.R.C.P. 38, Jensen Jewelers hereby demands a trial by jury on each and every issue so triable, and each party hereto is hereby notified of the same.

## PRAYER FOR RELIEF

**WHEREFORE**, Jensen Jewelers respectfully prays for judgment against Defendants as follows:

1.      For damages in the amount that it was damaged by Defendants' actions, and/or disgorgement of Defendants' profits resulting from their unlawful activity;

2.      For the amount Defendants were unjustly enriched in an amount to be proven at trial;

3.      That Defendants any of their parents, subsidiaries, affiliates, officers, directors, employees, agents and successors be permanently enjoined from using Jensen Jewelers' name or mark in connection with the marketing, promotion, advertising, sale or distribution of jewelry or goldsmith services.

4.      For reasonable attorney fees and costs incurred in pursuing this claim pursuant to 15 U.S.C. §1117 and Idaho Code §§ 12-120 and 12-121.  In the event of default, a reasonable attorney fee is $5,000.00; and

5.	For such other and further relief as the Court may deem just and proper.

DATED this 17th day of January, 2018.

        WRIGHT BROTHERS LAW OFFICE, PLLC

        By:     /s/ Brandon T. Berrett
            Brandon T. Berrett, ISB #8995
            Wright Brothers Law Office, PLLC
            1440 Blue Lakes Boulevard North
            P.O. Box 5678
            Twin Falls, Idaho 83303-5678
            Phone:  (208) 733-3107
            Fax:  (208) 733-1669
            bberrett@wrightbrotherslaw.com

            Attorneys for Plaintiff Jensen Jewelers of Idaho, LLC

## Exhibit A



COMPLAINT AND DEMAND FOR JURY TRIAL